UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PHILIP BOUCHARD, an individual<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL CASUALTY COMPANY, a foreign corporation; COAST NATIONAL INSURANCE COMPANY dba FOREMOST INSURANCE COMPANY, a foreign entity; SELMAN BREITMAN LLP, a foreign liability partnership; STEPHENSON & DICKINSON, a Nevada professional corporation; DOES 1 through 10, and ROE CORPORATIONS 1 through 20, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No. 2:20-cv-01084-KJD-BNW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Before the Court is Plaintiff's Motion to Remand to State Court (#10). Defendants responded (#26/28) in opposition, to which Plaintiff replied (#31).

I.　　Factual History

This action arises from a car accident involving Philip Bouchard ("Bouchard") and Efren Sotelo ("Sotelo") on or about December 12, 2014. (#1-1 at 5). Defendant National Casualty Company ("NCC") alleged that Sotelo was not a permissive user of the work truck he was driving at the time of the accident and refused to represent him in the original action. Id. The state court entered default judgment against Sotelo and assigned his potential causes of action to Bouchard. Id. at 5–6.  With the causes of action now assigned to him, Bouchard filed this suit in state court on April 7, 2020. Id. at 11. Defendants removed the action to federal court, alleging that the law firm defendants, one of which is a Nevada resident, were fraudulently added to obstruct federal diversity jurisdiction. (#1 at 3).

II.     Legal Standard

A defendant may remove a civil action "brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal based on diversity jurisdiction requires complete diversity where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). To determine whether complete diversity exists, "district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v. Thrower by and through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152 (1914)).

There are "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004)). A defendant must show that a party "joined in the action cannot be liable on any theory" to prove fraudulent joinder. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). However, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Hunter, 582 F.3d at 1046 (quoting Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)). A defendant opposing remand bears a heavy burden as he faces a "strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." Id. (citation omitted).

III.    Analysis

Bouchard argues that the removal was procedurally deficient and that complete diversity of parties does not exist.

A.  Procedurally Deficient

Bouchard alleges that the case was removed without consent from the other defendants. When an action is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Defendants do not

dispute that they did not comply with this rule. However, they have since cured the defect and argue that the district court may accept the removal if the deficiency is cured prior to a final judgment. Bouchard argues that this rule only applies during appellate review and that district courts may not ignore the procedural rules. The Court agrees with Defendants.

"[A] procedural defect existing at the time of removal but cured prior to the entry of judgment does not warrant reversal and remand of the matter to state court." Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011). The Ninth Circuit makes clear that this rule applies to district courts. If all defendants have not joined a petition for removal "when the notice of removal is filed, the *district court* may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." Id. (emphasis added). District courts have discretion to permit defendants to cure their procedural deficiencies so long as there has been no final judgment.

Because district courts have such discretion, the Court denies Plaintiff's motion based on this argument alone.

B.  Fraudulent Joinder

There is a strong presumption against making a finding of fraudulent joinder. Hunter, 582 F.3d at 1046. To satisfy the fraudulent joinder standard, there must be no possibility that a state court would find that the claim against the resident defendant is valid. Defendants argue that there is no possible cause of action against an insurance company's agent-attorney because "a general agent-principal relationship . . . is distinguishable from an attorney-client relationship." Dezzani v. Kern & Associates, Ltd., 412 P.3d 56, 61 (Nev. 2018).

The Court tends to agree with Defendants that the attorney-client relationship is distinguishable from a typical agent-principal relationship and that there is no cause of action against the resident law firm. However, "[w]hether an attorney is liable under an agency theory hinges on whether the attorney is acting solely as an agent for the client, i.e., as a debt collector, or whether the attorney is providing legal services to a client." Id. at 62. It is possible for an attorney to be liable under an agency theory, depending on the services provided.  Additionally, the Court is unaware of any Nevada authority that affirmatively answers the specific questions

raised by Plaintiff in this case. The Court cannot hold that there is no possibility that a state court could find Plaintiff's claims against the resident law firm are valid causes of action.

Therefore, fraudulent joinder cannot be established, and the action must be remanded to state court. However, if the state court dismisses or severs the action against the resident law firm, the parties may remove the case.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#10) is **GRANTED**.

IT IS FURTHER ORDERED that Defendant's Motion to Consolidate (#19) is **DENIED** as moot.

Dated this 2nd day of October, 2020.

                                              Kent J. Dawson
                                              United States District Judge